Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SOPHIE SZTORC, Widow, and Minor Dependents, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, STEPHEN SZTORC, v. JAMES H. STANSBURY, INC., Employer, and the LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

Workmen's Compensation Law — death in course of employment — helper on motor truck killed by automobile while passing from truck to bakery to buy necessary food for himself.

An employee made a trip upon a motor truck, as a helper to a chauffeur, to deliver a load of lumber for his employer, and left the plant at about eleven-thirty A. M. without having eaten any lunch, owing to the fact that he had not brought one with him, the day being Saturday and his work as a rule ending at twelve o'clock, and he being without funds till just before the truck started, when he received his weekly pay. On the return trip the chauffeur stopped the truck opposite a bakery at about four P. M., and the helper in crossing the street to purchase some food which he intended to carry back to the truck and eat on his way home, was run over by an automobile and killed.

Held, that the helper was engaged in his master's work at the time of the accident and that his death occurred in the course of his employment.

APPEAL by the defendants, James H. Stansbury, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 10th day of January, 1919.

*D. Theodore Kelly* and *Howard B. Harte,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

On the day of the accident the deceased had made a trip upon a truck, as helper to a chauffeur, to deliver a load of lumber for his employer. On the return journey the truck was stopped opposite a bakery at about four P. M. The chauffeur descended, crossed to the bakery, and bought two cakes to use at his breakfast the following day. On returning to the truck he offered a cake to the deceased, who gave it back, saying: " Willie, I will get ten cents cake." Thereupon the deceased left the truck to go to the bakery, and, having proceeded about ten feet, was struck down by an automobile, and instantly killed. The truck had left the plant of the employer at about eleven-thirty in the morning. Just previously thereto an official of the employer suggested to the chauffeur that he get his lunch before he started. The deceased did not accompany the chauffeur when he went to get his lunch but remained at the plant. Usually he brought his mid-day meal to the plant, but on this day he had not done so, for it was Saturday when as a rule his work ended at twelve o'clock. He had no money in his pocket until just before he started on the trip, at which time he received his weekly pay. Consequently until then he had no money to buy a meal, and throughout the journey to the moment of his death he did not eat. The natural inference from the proof, aided by the presumption of section 21 of the Workmen's Compensation Law, leads to the conclusion that from breakfast until four o'clock, when the accident occurred, the deceased had had no food, and that being hungry he had started across the street to get some cakes with which he might presently stay his hunger. (*Matter of Driscoll* v. *Gillen & Sons Lighterage, Inc.,* 226 N. Y. 568, affg. 187 App. Div. 908.) The case is comparable to those where employees are killed or injured while seeking shelter from a storm, or while going to a nearby place to answer the calls of nature. (*Matter of Moore* v. *Lehigh Valley R. R. Co.,* 169 App. Div. 177; *Krawczyk* v. *MacNamara,* 187 id. 911.)

It is wholly unlike those where accidents occur during the noon hour, when employees are on their way to or from the plant to get their noon-day meals. In that class of cases injuries are received during a definite period set apart as belonging exclusively to employees, during which they may go where they choose and do what they please, subject to no orders from their employers and freed from all duty or responsibility in reference to their employment. In this instance the employee was at all times in the immediate vicinity of his employer's truck, which had stopped but momentarily, and his duty to care for it, to return to it, and help bring it home, had not ceased. It was not as if the truck had been placed in a garage while the deceased, upon his own time, had gone to a restaurant to get a meal. Nor was it as if the deceased had abandoned the truck and had gone to a saloon or drug store, not to satisfy a need of eating because of an omitted meal, but to regale himself with refreshing drinks, and otherwise indulge himself. The deceased was hungry because his employment that day had left him without food for many hours, and it was necessary for the continuance of his work that he should have food. It was precisely as if the deceased had descended from the truck on a hot day to get a glass of water to satisfy his thirst. It seems to me that the deceased did not step out of his employment when he went toward the bakery to get some cakes to carry to the truck, in order to eat the same on the journey home, and that his death arose in the course of his employment.

The award should be affirmed.

Award unanimously affirmed.