In the Matter of the Probate of the Will of JOSEPH
KNAPP, Deceased.

JOHN   KNAPP   et   al.,   Appellants;   FANNIE   KNAPP,
Respondent.

*Will — objections to probate upon grounds that will was not duly executed,
incompetency to make will and undue influence.*

*Matter of Knapp*, 200 App. Div. 851, affirmed.

(Argued March 30, 1925; decided April 10, 1925.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 9, 1921, which affirmed a decree of the Monroe
County Surrogate's Court admitting to probate a paper
propounded as the last will and testament of Joseph
Knapp, deceased.  Probate was objected to upon the
grounds that the alleged will was not duly executed as
required by law; that the testator was not competent
to make a will at the time it purports to have been
executed; that it was not the last will of Joseph Knapp,
and that the execution of the alleged will was obtained
by undue influence.

*Eugene Van Voorhis* for appellants.

*Harold P. Burke* and *Frank J. Hone* for respondent.

Order affirmed, with costs to respondent payable out
of estate; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-
LIN, CRANE and LEHMAN, JJ.   Absent: ANDREWS, J.

---

In the Matter of the Claim of JOHN DOMRES, Respondent,
against SYRACUSE SAFE COMPANY et al., Appellants.

*Workmen's compensation — workman injured by automobile while sitting
in doorway of factory during lunch hour — award affirmed.*

*Domres* v. *Syracuse Safe Co.*, 211 App. Div. 823, affirmed.

(Argued March 31, 1925; decided April 10, 1925.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial
department, entered December 2, 1924, unanimously
affirming an award of the State Industrial Board made

under the Workmen's Compensation Law. Claimant was injured while sitting in the doorway of his employer's plant during lunch hour. The driver of a passing automobile lost control, it mounted the curb and struck the claimant. The question was whether the resulting injuries arose out of and in the course of his employment.

*Wilbur Van Duyn* for appellants.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE and LEHMAN, JJ. Dissenting: McLAUGHLIN and ANDREWS, JJ.

---

In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO, Respondents, for the Appointment of Commissioners in the Matter of Lands Claimed to Be Owned by A. SCHREIBER BREWING COMPANY et al.

CITY OF BUFFALO et al., Appellants.

*Appeal — grade crossing proceeding — unanimous affirmance — Court of Appeals must presume that finding of damage is supported by evidence and that there was a showing of injury sufficient to justify appointment of commissioners.*

The mandate of the Constitution enforces upon the Court of Appeals the presumption that a finding of damage, in a proceeding to ascertain damage to abutting owners by the closing of a street in connection with elimination of a grade crossing, which has been unanimously affirmed, is supported by the evidence and that upon application for the appointment of commissioners there was a showing of injury sufficient to justify such appointment.

*Matter of Grade Crossing Comrs., City of Buffalo,* 210 App. Div. 328, affirmed.

(Argued November 31, 1925; decided May 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 16, 1924, which unanimously affirmed an order of Special Term confirming the report of commissioners appointed under the Grade Crossing Act of the city of Buffalo (L. 1888, ch. 345, and amendatory statutes).