DANIEL ELSON, Plaintiff, *v.* MORHEN INN, INC., Defendant.

City Court of New York, Bronx County, June 19, 1933.

*George Landesman*, for the plaintiff.

*Charles F. McGrath*, for the defendant.

ADLERMAN, J. The plaintiff alleges in his complaint that he was a musician employed by the defendant and that it was agreed that, as part compensation for his services, a meal was to be served him nightly in said restaurant, while so employed.

While partaking of this meal, a portion of chocolate pudding was served, which the defendant warranted and represented was fit and proper for human consumption. The said chocolate pudding, on the contrary, was highly dangerous, in that it contained several pieces of glass, which the said plaintiff swallowed with the said

pudding. In this action, brought by the plaintiff to recover damages for breach of warranty, the defendant sets up as a defense that the plaintiff is not entitled to maintain this action against the defendant for damages because the defendant duly procured a policy of compensation insurance, in accordance with the provisions of the Workmen's Compensation Law, to protect its employees, and that the said employment of the plaintiff came within the purview of the said Workmen's Compensation Law. Even though the defendant offers to pay the plaintiff compensation under the Workmen's Compensation Law for injuries sustained while dining, and not playing his instrument, the plaintiff spurns this generous offer and brings this action to recover damages in the sum of $3,000. He has moved to strike out the affirmative defense on the ground that it is insufficient in law. I must hold that the injuries allegedly sustained were so sustained during the dining interval of his employment; and that an employee during the dining interval of his employment is within the scope of his employment, incidental to his employment, and compensable under the Workmen's Compensation Law. (*Domres* v. *Syracuse Safe Co.*, 240 N. Y. 611; *Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 id. 130; *Sztorc* v. *Stansbury*, 189 App. Div. 388; *Donlon* v. *Kips Bay Brewing & Malting Co.*, Id. 415.) The motion is denied.