In the Matter of the Claim of George H. Morningstar, Respondent, against Corning Baking Co., Inc., et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, July 3, 1958.

*Samuel Schub, Milton Pfeffer* and *Allen Redlich* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Teeter, Harpending, Fox & Swartwood* for claimant-respondent.

HERLIHY, J.   The appellants contend that the injuries suffered by the claimant did not occur in the course of or arise out of his employment.

The parties hereto have entered into a stipulated set of facts set forth in detail in the record on appeal, the substance thereof being briefly as follows: The claimant was employed by the employer on January 19, 1956, the date of the injuries. His work was to handle public relations, develop good will for the company and to supervise and promote the sale of its products which he did both inside and outside of his employer's premises.

On the day of the accident he had been to Elmira on business of the employer and was returning by direct route to Corning, the place of his employment.   As he proceeded along Route 17E a man flagged him down.   He brought his car to a stop and as a result of some conversations between the man and a Miss Berlin, whose car was disabled, he supplied them with some necessary tools.   While standing off the road near the said automobile, he was struck by an automobile driven by Alvin Force, receiving personal injuries which are not

disputed. None of the various parties were known to each other prior to the incident mentioned.

It was further stipulated that there were a farmhouse and other various buildings in the immediate locality which was not necessarily within the knowledge of the claimant nor did he know the reason why he was flagged down at the time he brought his car to a stop.

There was additional testimony in the record that at the time of the accident and injuries, claimant was dressed in a salesman uniform, which is green, with a green jacket, gray shirt, black tie and inscribed on the jacket above the left pocket was the wording " Cobakco ", that the claimant was driving his own automobile and that he received 5 cents per mile from his employer. It was further recorded that at sales meetings attended by some of the officers of the company, the question of public relations had been discussed with reference to the salesmen helping people in and about stores where they sold their merchandise; that employees had helped people before in similar situations to the one here concerned, although it was not necessarily known by the employer and that on occasions employees had been helped by the public when they had trouble with their trucks. The employer's report of injury and accident admits that claimant was acting as a sales manager at the time of the accident.

The board, among others, made the following finding of fact: " George H. Morningstar at the time of the accident was dressed in a company uniform. Company employees were instructed to be courteous to people in order to promote good will and sales. George H. Morningstar as sales manager at the time of the accident was at work in the interest of and for the benefit of his employer."

This is not a distress case, an emergency case, a personal act case nor can it be considered an abandonment of employment case.

The board apparently adopted the theory that the claimant was promoting the good will of his employer but the real question is the narrow distinction as to whether the act of the claimant was a " deviation from his employment ". (Larson on The Law of Workmen's Compensation, § 19.63.)

In deciding this particular question, the basic principle of the law itself is important as set forth in *Matter of Waters* v. *Taylor Co.* (218 N. Y. 248, 251–252) : " That act is framed on broad principles for the protection of the workman. Relief under it, generally speaking, is not based on the negligence of the employer

or limited to the absence of negligence on the part of the employee. It rests on the economic and humanitarian principles that compensation should be given at the expense of the business to the employee or his representatives for earning capacity destroyed by an accident in the course of or connected with his work, and this not only for his own benefit but for the benefit of the state which otherwise might be charged with his support. *This purpose ought not to be defeated by placing too narrow a limit upon the nature of the acts which will be regarded as pertaining to his employment."* (Emphasis supplied.)

In *Matter of Gross* v. *Davey Tree Expert Co.* (248 App. Div. 838, affd. 272 N. Y. 657), an employee of the employer, while on the property of a third party to trim trees in accordance with a contract with a telephone company, in aiding the third party to start her car, received injuries. There was testimony that the employees were doing everything possible to establish good will on behalf of the telephone company. In that case, this court said: "It may be that the claimant was unusually generous in his efforts in behalf of Mrs. McMillan, but it does not appear that any definite limits were placed on the favors which claimant was authorized to bestow."

In *Matter of Fineman* v. *Albany Evening Union Co.* (254 App. Div. 794), decedent was employed to deliver newspapers and while in the course of his employment driving his automobile, he stopped when he observed that another car struck a deer. He went across the road to the driver of the other car, had some conversation with him and was apparently in the act of recrossing the road when he was struck by an oncoming car and received injuries which caused his death. In this case there was some discussion that because decedent had apparently started back to his own car, his estate was entitled to the benefits of workmen's compensation. There was no evidence of "flagging down", but a voluntary stopping.

With the thought in mind that each case is governed by its own particular and peculiar set of facts, if in the course of employment an employee temporarily departs for a brief period of time in an interest other than his employment but directly or indirectly it may result in a benefit or advantage to his employer, it is a natural and normal incident of employment and within the contemplation and reasonable risk thereof. Hazards, if such they be, from the facts in this case are distinctly traceable to the employment of the claimant.

There was sufficient evidence for the board to make a finding in favor of the claimant and considering the views expressed

herein, the decision and award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, J. P., GIBSON and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.