In the Matter of the Claim of SAMUEL RELKIN, Respondent, v. NATIONAL TRANSPORTATION Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 13, 1963.

*Joseph S. Catalano* and *James A. Doherty* for appellants.

*Fine, Finkelstein & Rosenbloom* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, P. J. Claimant is a taxi driver in New York. His work began each day at 3:00 P.M.; it ended at 1:00 A.M. He usually ate about 7 o'clock; but when and where he ate depended on the location and direction of the calls he received in his employment.

On April 4, 1961 about 7:00 P.M. he was injured in a cafeteria in The Bronx where he had stopped for his meal. He was then in The Bronx because the last passenger he had taken before he went for his meal had directed him to go from 89th Street and Park Avenue to 167th Street and Morris Avenue. The restaurant was on 167th Street near this point.

While he was going into the restaurant washroom, he slipped on a piece of butter and was injured. The board has held the accident to have been in the course of employment.

It is not easy to spell out consistency in the disposition of claims of employees injured while getting meals or going for meals. There is a general theory that when the meal is not on employer's premises and not furnished by the employer and follows a regular time the employment is deemed interrupted during the taking of the meal unless the claimant is traveling in the employer's business so far from home that the employer assumes responsibility substantially for all normal activities in the distant environment.

But there is a group of cases in which liability has been imposed in the locality of employment and residence for a meal-time injury off employer's premises which can be rationalized with the underlying rule only by assuming that the time or place of the meal is somehow associated with or affected by the work itself, e.g., working after hours or under conditions of time or place which relate the time or place of the meal more or less directly to the work.

The taxi driver's situation seems to us to fit well into the pattern of cases where claims for mealtime injuries have been sustained. The cab creates a special kind of ambulant environment. The driver moves the employer's property around from place to place in aid of his transportation business. The duration of the journey and its direction depend wholly on hazard arising from the nature of the work.

The employee remains responsible for the cab while he eats. He must necessarily be expected to eat and answer calls of nature in the 10 hours he works and he is largely unable to control where he may be at any given time.

The meal is thus closely related to the time and place of work and the promotion of employer's business; and it would be inaccurate to say that the meal " interrupts " the work.

The decisions in *Matter of Johnson* v. *Smith* (263 N. Y. 10 [1933]) and *Matter of Goldman* v. *John Hancock Mut. Life Ins. Co.* (276 N. Y. 582 [1937]) on which appellants rely must be considered with the later [1938] decision of the Court of Appeals in *Matter of Bollard* v. *Engel* (278 N. Y. 463).

The court in this last case by express reference to both *Johnson* and *Goldman* clarified the rule on this subject. It held squarely that an automobile salesman who had left his employer's premises to get a meal and who was killed in a street accident on his way back to the employer's premises where he had further work to do was within the scope of his employment.

"We think the evidence warranted the finding that the employment was not interrupted while the deceased was returning from supper on the occasion in question. (Cf. *Matter of Johnson* v. *Smith*, 263 N. Y. 10; *Matter of Goldman* v. *John Hancock Mut. Life Ins. Co.*, 276 N. Y. 582.) " (*Matter of Bollard* v. *Engel, supra,* p. 466.)

The decision in *Goldman*, both here (252 App. Div. 711) and in the Court of Appeals, was based expressly on *Johnson* and there was no development of the rationale of decision in either court; but in *Johnson* there was a full development of the reasons for decision by both the majority and minority in the Court of Appeals. A salesman had suffered an injury, the accidental nature of which was not disputed, while eating lunch in a restaurant in another town to which he had travelled in his employment. It is not easy to escape the conclusion that *Bollard* turned the rule in a different direction while not expressly overruling *Johnson* or *Goldman.*

This conclusion seems strengthened by the fact that in 1953 the Court of Appeals in *Matter of Berkowitz* v. *Gottfried Baking Co.* (306 N. Y. 982) denied leave to appeal from our decision reported at 282 App. Div. 904.

That case is strikingly in point with the case now before us. Claimant was employed as a route man driving a truck for a bakery. While waiting for another truck to be loaded at the employer's premises he walked a distance of four blocks to a restaurant where he had breakfast and he was injured on his way back. The board made an award and we affirmed.

The award here in question is consistent with a series of decisions in this court. For example in *Matter of Gay* v. *County of Erie Sheriff's Office* (278 App. Div. 1031) an award to a Deputy Sheriff injured in a fall on an icy street while returning to his office from lunch was sustained.

The rationalization of the difference between an employee who has a regular lunch hour and takes it and one like a helper on a lumber truck who eats when he can find opportunity in a mobile job was developed by Kellogg, J., in *Sztorc* v. *James H. Stansbury, Inc.* (189 App. Div. 388) where this court sustained an award based on an accident which occurred while decedent

was on his way from the truck to a bakery to get food which he intended to eat on the truck.

On the authority of *Sztorc* this court in *Matter of Martino* v. *Blue Ridge Coal Co.* (248 App. Div. 660) sustained an award to a coal truck helper injured while he was descending from the truck to get a cup of coffee. It is not difficult to analogize with these decisions the case of the cruising taxi driver.

Although it is argued that the rule of *Bollard* has been limited by *Matter of Layton* v. *Spear & Co.* (287 N. Y. 610 [1941]), this does not clearly follow. In *Layton* there was a division in this court (261 App. Div. 856) which dismissed the claim on authority of *Johnson*. The affirmance in the Court of Appeals was without opinion or comment and without any reference to its last previous decision on this subject in *Bollard*.

The affirmance is not necessarily a rejection of the view in the dissenting memorandum in this court that *Bollard* was controlling. On its facts *Layton* is logically distinguishable. The regular time of employment lasted after the supper hour and claimant had left employer's store and gone to supper at a time which was usual for employees to leave for this purpose. The case could well be regarded as coming within the usual pattern of claims where employees go out to meals at regularly appointed hours and no convenience or special relation of the meal to the employment is shown. The more recent decision of this court in *Matter of Purcell* v. *Hearn's Dept. Store* (17 A D 2d 886 [1962]) is quite similar to *Layton* and is distinguishable on the same ground.

In our view claimant's work was sufficiently related to the time and place of his meal and injury to sustain the board's ruling.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Coon, Gibson, Herlihy and Taylor, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.