■ SEAN O'CONNOR, Respondent-Appellant, v SERGE ELEVATOR Co. et al., Respondents, and K. W. CONSTRUCTION CORP., Defendant-Appellant-Respondent and Third-Party Plaintiff-Appellant. A & M WALLBOARD, INC., Third-Party Defendant-Respondent. — Judgment, Supreme Court, New York County (Williams, J.), entered June 12, 1980, which, *inter alia,* awarded plaintiff the sum of $492,521.98 against defendant K. W. Construction Corp. and dismissed K. W. Construction Corp.'s cross claim against defendant Serge Elevator Co. and K. W.'s third-party complaint against A & M Wallboard, Inc., modified, on the law, without costs or disbursements, to reinstate the cross claim of defendant K. W. Construction Corp. against defendant Serge Elevator Co. and to remand for a new trial on the issue of contractual indemnification on said cross claim and, except, as thus modified, affirmed. Plaintiff was injured while waiting for an elevator on a construction site, when he stuck his head into an open adjacent shaftway to see where the elevator was, and was struck on the head by a descending loading platform. Based upon the failure to provide a safe place to work, in not safeguarding the open shaftway and not posting a warning of the danger of a descending platform, plaintiff made out a prima facie case against K. W., the general contractor, under section 200 of the Labor Law. The question of contributory negligence was properly submitted to the jury, which resolved the issue in plaintiff's favor. It was error, however, to dismiss K. W.'s cross claim against Serge for indemnification. The pertinent provision of the agreement between K. W. and Serge provided that Serge would indemnify K. W. for losses "arising out of the work which is the subject of this contract, whether or not caused solely by Subcontractor or his employees or jointly by Subcontractor and his employees, on the one hand, and the Contractor and his employees or others on the other hand". Thus, to obtain full contractual indemnification, K. W. had only to prove some negligence on Serge's part as a contributing cause of the accident. Since the loading platform which struck plaintiff was operated and controlled by Serge without any signaling devices as it descended an open shaftway, a jury question was presented, at the very least, as to whether Serge's failure to provide a warning system was a contributing cause of the accident. Conversely, the other subcontractor, A & M Wallboard, plaintiff's employer, cannot be held liable for any contractual indemnification. Its indemnity agreement with K. W. was the same as Serge's except that it indemnified K. W. even for damages caused "solely by the Contractor or his employees." As a subcontractor providing carpentry services, it was in no way responsible for maintaining or controlling the shaftway area or operating or controlling the loading platform, or, for that matter, supervising plaintiff at the time of the accident, since he was on his lunch break and was not at his work area. (Cf. *Fuller Co. v Fischbach & Moore,* 7 AD2d 33, 36.) He was thus not engaged in work which was the subject of the contract between K. W. and A & M, and, consequently, A & M could not be deemed responsible, directly or indirectly,

for the accident or his injuries. Moreover, his employer was in no way at fault. Finally, the cases cited in the dissent are not dispositive. We do not believe that the rationale of these holdings, which involve an interpretation of the Workers' Compensation Law that broadens the scope of employment so as to include coverage for the employee, should be extended to broaden an employer's liability under an agreement providing indemnification, even for damages caused solely by the indemnitee, when the employer is not in any way responsible for the damages sustained by the employee. Concur — Sullivan, Carro and Lupiano, JJ.

Murphy, P. J., and Kupferman, J., dissent in part in a memorandum by Kupferman, J., as follows: We dissent in part and would remand as well for a new trial on the issue of contractual indemnification on the cross claim of the defendant, K. W. Construction Corp., against defendant, A & M Wallboard, Inc. The majority indicates that, because the plaintiff was on his lunch break and not at his work area, the third-party defendant-respondent, A & M Wallboard, Inc., could not be deemed responsible. However, it is well settled that an employee on his lunch break, in the general physical area of his employment, is still subject to the employment relationship. *(Matter of Bollard v Engel,* 278 NY 463 *[Per Curiam]; Matter of Domres v Syracuse Safe Co.,* 240 NY 611.)