In the Matter of the Claim of RUTH SCHEPER, Respondent, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 2 et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board dated October 26, 1965 which affirmed an award to the claimant in the sum of $1,857.60 for total disability for the period from December 19, 1963 to April 4, 1965. The claimant was employed as a cleaner by the Board of Education, Union Free School District No. 2 in Uniondale, New York. Her daily working hours were from 3:00 P.M. to 7:00 P.M. On the evening of December 18, 1963, the claimant mistakenly took a teacher's lunch from a refrigerator, and brought it home with her. She later discovered her mistake, and the next morning, at about 8:00 A.M., she returned to the school to replace the lunch. On leaving the school, she fell on a patch of ice on the employer's property and injured her back. At 2:30 P.M. of the same day, the claimant returned to the school to work. She performed her usual duties which included the moving of desks to clean the floors and, while in the process of moving a desk, felt a pain in her back. The appellants concede that claimant fell on the employer's premises, and was injured as the result of the fall, but deny that the accident arose out of and in the course of her employment. They also challenge a causal relationship between the claimant's disability, and the exertion expended in moving a desk. The Workmen's Compensation Board found that the claimant's returning to the school for the purpose of returning a package belonging to another which she had mistakenly taken the previous evening, was an incident of her employment, and that the accidental fall she had on leav-

ing the premises, arose out of and in the course of her employment. The board also found that claimant suffered a second accidental injury when she moved the desk, and that the disability was causally related to both injuries. The evidence supports the decision of the board. The return of the package, mistakenly taken from the employer's premises at the earliest opportunity so as to prevent distrust, accusations and disruption of the orderly conduct of the employer's business, falls within the course of claimant's employment. Such act was not a personal act performed for claimant's own benefit, but rather was performed for the benefit of the employer and other employees and within the obligations of her employment. (*Matter of Leatham* v. *Thurston & Braidich,* 264 App. Div. 449, affd. 289 N. Y. 804; *Matter of Moskowitz* v. *Granata,* 9 A D 2d 310.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., J.