■ In the Matter of the Claim of JOANNE R. PURDY, Respondent, v SAVIN CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Worker's Compensation Board, filed March 25, 1987, which ruled that claimant's injury arose out of and in the course of her employment.

Claimant was employed as a secretary by Savin Corporation. On the morning of June 15, 1982, while claimant was walking through the employer's parking lot on her way to work, she noticed a truck parked with its headlights on. Claimant noticed that the truck was unlocked, so she opened the door, reached in and turned off the lights. As claimant closed the truck door, she experienced a sharp pain in the base of her back. Claimant reported the incident to her employer the next day.

The injury was diagnosed as a "right lateral disc lesion" and claimant was totally disabled from work for two months. The employer's workers' compensation carrier controverted the claim. Ultimately, the Workers' Compensation Board found that claimant's accident arose out of and in the course of her employment. The employer and carrier appeal.

It is not contested that once claimant entered her employer's parking lot she was in the course of her employment. Once within the course of employment, an employee remains within the protection of the Workers' Compensation Law so long as his or her activities are found by the Board to be "reasonable and sufficiently work related under the circumstances" *(Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 249). Whether the activity involved is within the scope of employment depends on whether it is reasonably and sufficiently work related under the circumstances, and the resolution of this factual issue is for the Board *(see, Matter of Voight v Rochester Prods. Div.,* 125 AD2d 799). It is not necessary that the activity be done at the employer's direction or even to directly benefit the employer *(see, supra; Matter of Hatch v Grand Union Co.,* 25 AD2d 894; *Matter of Morningstar v Corning Baking Co.,* 6 AD2d 128, *lv denied* 5 NY2d 707). As a matter of policy, the Board and reviewing court have refrained from placing a narrow limit on the scope of acts regarded as pertaining to employment *(Matter of Morningstar v Corning Baking Co., supra,* at 131). In the instant case, the actions of claimant were far less indirect than those involved in *Voight, Hatch* and *Morningstar* which were found to be within the scope of employment. We conclude that the Board's determination that claimant's accident arose out of and in the course of her employment is supported by substantial evidence in the record.

Decision affirmed, with one bill of costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.