■ In the Matter of the Claim of DONALD H. FERBER, Respondent, v DES. L. PACKAGING CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J.

Claimant was employed as a sales manager by Des. L. Packaging Corporation. Claimant's sales activity required him to travel to meet with current and prospective customers. Claimant testified that he drove approximately 30,000 miles a year as a salesman and received $125 a month for travel expenses, plus a draw of $225 per week applied against his commissions.

The evidence in the record indicates that on December 12, 1983, claimant drove his car from his home in Yonkers, Westchester County, to the employer's main headquarters in New Jersey. There he scheduled an appointment with a customer in Port Chester, Westchester County, for 3:30 P.M. Claimant testified that he had arranged his schedule for that day to permit him to drive to his wife's place of business in New Rochelle, Westchester County, to exchange cars with his wife and have snow tires put on her car, and then use her car to drive to his afternoon appointment in Port Chester.

After picking up his wife's car in New Rochelle, claimant drove to a local dealer who was unable to do the work that day. Claimant then set out to drive to a place in Yonkers that he thought would be able to install the snow tires immediately. En route, claimant was involved in a head-on collision in which he was injured.

A claim was subsequently filed for workers' compensation benefits. The employer controverted the claim, arguing that claimant had deviated from his employment and was engaged in a purely personal errand when he was injured. A hearing was held in which claimant was the only person to testify. Following the hearing, the Workers' Compensation Law Judge determined that claimant's accident did not arise out of his employment because he had deviated from his employment. Claimant appealed this decision to the Workers' Compensation Board and the Board reversed, finding that claimant occasionally used his wife's car in the course of his employment and, therefore, his errand to obtain servicing for this vehicle was not outside the scope of his employment. The employer appeals.

On appeal, the employer contends that the Board's determination was erroneous as a matter of law and must be reversed. We disagree. Here, the uncontroverted evidence indicates that claimant would sometimes use his wife's car in his business travels and, thus, it was necessary to maintain this car so that it would remain available for his business use. In addition, it is undisputed that after he had the snow tires installed, claimant was to continue on to a work-related appointment in Port Chester. Based on the foregoing, the Board could properly find that claimant was within the course of his employment at the time of his accident (see, Matter of Purdy v Savin Corp., 135 AD2d 975, 976).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.