■ In the Matter of GEORGE SMITH, Respondent, v PAUL SMITH'S COLLEGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision and an amended decision of the Workers' Compensation Board, filed July 12, 1990 and July 22, 1991, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

We reject the employer's contention that the record fails to support the finding by the Workers' Compensation Board of an accident arising out of and in the course of employment. Whether an activity is within the scope of employment or purely personal depends upon whether the activity is both reasonable and sufficiently work related under the circumstances and is a factual issue for the Board *(see, Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 249; *Matter of*

*Cast v City of Gloversville Water Dept.,* 163 AD2d 622, 624, *lv denied* 78 NY2d 851). Claimant testified that, while waiting for a co-worker so that he could begin a new work assignment, he attempted to clean his chainsaw on the employer's wire wheel grinder and was injured. Claimant stated that he had borrowed the employer's chainsaw and was asked to clean and return it, and had decided that he could clean both the employer's and his own chainsaw during slack time. He further stated that it was common practice to borrow the employer's equipment for personal use and to use the employer's on-premises equipment without permission. Given these facts, we find the Board's determination to be supported by substantial evidence and, thus, conclusive *(see, Matter of Purdy v Savin Corp.,* 135 AD2d 975; *Matter of Voight v Rochester Prods. Div., GMC,* 125 AD2d 799). Contrary testimony by the employer's witnesses merely presented issues of credibility for the Board to resolve *(see, Matter of Prouty v Monroe Contrs. Equip.,* 178 AD2d 698; *Matter of Forrest v Grossman's Lbr.,* 175 AD2d 498, *lv denied* 78 NY2d 862).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.