◼ In the Matter of the Claim of RICHARD F. LAWTON, Appellant, v EASTMAN KODAK COMPANY, Respondent; WORKERS' COMPENSATION BOARD, Respondent. [616 NYS2d 412] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed April 13, 1993, which ruled that claimant sustained an accidental injury in the course of his employment.

Claimant contends that the Workers' Compensation Board erred in finding that his injuries arose out of and in the course of his employment. The injury occurred in the employer's parking lot when claimant was walking toward an exit from the lot. He was struck by a vehicle operated by a fellow employee. According to claimant, he had arrived at the employer's premises one half hour before he normally would have arrived for his shift so that he could have lunch at a nearby restaurant before his shift began. Claimant testified that he was on his way to the restaurant when the accident occurred. Relying largely upon the fact that the accident occurred on the employer's premises in a parking lot which was reserved exclusively for employees, the Board concluded that the accident arose out of and in the course of employment.

A parking lot maintained by the employer constitutes precincts of employment (*Matter of Ott v Gem Elec. Mfg. Co.,* 44 AD2d 331, 332), and the course of employment encompasses a reasonable amount of time for the employee to enter his place of employment prior to the beginning of his shift (*Matter of Rosen v First Manhattan Bank,* 202 AD2d 864; *Matter of Torio v Fisher Body Div.—Gen. Motors Corp.,* 119 AD2d 955,

956; *see, Matter of Grimaldi v Shop Rite Big V,* 90 AD2d 608). Claimant concedes that if he had been on his way to the site of his work, the accident would have occurred in the course of his employment. He contends, however, that he was engaged in a purely personal pursuit of going to a restaurant outside the employer's premises. As noted by the Board, however, claimant parked in a lot owned and maintained by claimant's employer exclusively for its employees. As a result, claimant was exposed to a risk not shared by the public generally *(see, Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 145).

That claimant may have been on a personal errand at the exact time of the accident is not determinative *(see, Matter of Voight v Rochester Prods. Div., GMC,* 125 AD2d 799; *see also, Matter of Jacobs v Dellwood Foods,* 130 AD2d 848, *lv denied* 70 NY2d 608). Claimant's right to park in the lot arose exclusively as a result of his employment, not because he was a patron of the restaurant. It is also clear that claimant was not in the parking lot solely for the purpose of going to lunch, for he intended to begin work immediately after he was done with lunch. Thus, claimant's use of the employer's parking lot was twofold: for his own convenience while he went to lunch and for his employer's benefit so that he would not be late for work when he finished his lunch. In these circumstances, it was not irrational for the Board to conclude that claimant's accident arose out of and in the course of his employment.

Claimant contends that the evidence which suggests that the accident occurred about 10 minutes before the start of the shift, instead of the 40 or 45 minutes alleged by claimant, was not offered or admitted at the hearing. The Board, however, did not rely on that evidence, but instead concluded that the accident arose out of and in the course of claimant's employment regardless of whether it occurred as claimant alleged or at some later time. The Board's decision is affirmed.

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.