■ In the Matter of the Claim of TINA WILLIAMS, Appellant, v SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [648 NYS2d 180] —Appeal from a decision of the Workers' Compensation Board, filed August 1, 1994, which ruled that claimant did not sustain a causally related disability and denied her claim for workers' compensation benefits.

Claimant was a 30-year-old social welfare client examiner when she injured her lower back while bending over to tie her shoe during a break from work. The Board disallowed claimant's subsequent application for workers' compensation benefits on the ground that claimant's shoe-tying was personal in nature and that the injury resulting therefrom did not arise out of or in the course of her employment. Claimant appeals, contending that the act of tying her shoe constituted a reasonable and prudent action taken as preparation for the resumption of her employment duties.

A determination as to whether a claimant's injury was causally related to his or her employment is a question of fact for resolution by the Board (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 133; *Matter of Smith v Paul Smith's Coll.*, 186 AD2d 320), whose determination, once rendered, will be accorded considerable deference unless it is found to be unsupported by the record (*see, Matter of Gigliotti v Niagara County Sheriff's Dept.*, 202 AD2d 715). We find there to be substantial evidence to support the Board's determination here. Claimant's action in tying her shoe was not particular to the demands of her primarily sedentary employment or a component of the duties required by her job. It was instead an act of personal grooming, commonly performed in nonemployment-related settings. An injury arising out of an action that is attributable to the personal volition of the claimant rather than to the demands of the work environment is not compensable (*see, Matter of Robinson v Village of Catskill Police Dept.*, 209 AD2d 748, *lv denied* 85 NY2d 810). We accordingly affirm.

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.