■ In the Matter of the Claim of FREDERICK VOGEL et al., Appellants, v ANHEUSER-BUSCH et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [696 NYS2d 571] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed November 25, 1997, which ruled that claimant's injuries did not arise out of his employment and denied his claim for workers' compensation benefits.

Claimant was injured in the employer's parking lot while assisting a co-worker whose motorcycle would not start. Claimant's shift had ended and he was proceeding to his vehicle when he stopped to help the co-worker jump-start the motorcycle. During the process, the motorcycle jerked forward, causing claimant to fall and injure his arm. The Workers' Compensation Board concluded that claimant was engaged in a purely personal pursuit when he was injured and denied his claim for workers' compensation benefits. Claimant appeals.

An injury is compensable under the Workers' Compensation Law if it arose out of and in the course of employment (*see*, *Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 474-475). The parking lot maintained by the employer constituted precincts of claimant's employment, and the course of his employment encompassed a reasonable time for claimant to leave his place of employment (*see*, *Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813). Thus, as found by the Board, claimant was entitled to the presumption that an injury which occurs in the course of employment also arises out of that employment, which can only be rebutted by substantial evidence to the contrary (*see*, *Matter of Torio v Fisher Body Div.*, 119 AD2d 955, 956).

Activities which are purely personal pursuits are not within the scope of employment and are not compensable under the Workers' Compensation Law, with the test being whether the activities are both reasonable and sufficiently work related under the circumstances (*see*, *Matter of Richardson v Fiedler Roofing*, 67 NY2d 246). The Board concluded that claimant's efforts to assist his co-worker in the parking lot were reasonable but not sufficiently work related to make his injury compensable. In *Matter of Purdy v Savin Corp.* (135 AD2d 975), while walking through her employer's parking lot on the way to work, the claimant noticed a vehicle parked with its headlights on, opened the vehicle's door, reached in and turned the lights off. In so doing, she sustained an injury to her back, which the Board ruled compensable and this Court affirmed. In view of the factual similarity of this case and the *Purdy* case, "it was incumbent upon the Board to either follow the prece-

dent established by its decision in the prior case or provide an explanation for its failure to do so" (*Matter of Paolucci v Capital Newspapers*, 197 AD2d 811, 812). Based upon the Board's failure to comply with this requirement, the matter must be remitted to the Board (*see, Matter of Waters v City of New York*, 256 AD2d 680).

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.