■ In the Matter of the Claim of WILFREDO CRUZ, Appellant, v KARL EHMER, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [724 NYS2d 777] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed

October 27, 1999, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

On July 10, 1996 at 1:30 P.M., claimant, a butcher, injured his knee in the employer's parking lot shortly after he clocked out of work at the end of his shift which began at 4:00 A.M. Claimant sustained an injury when he bent down to check a flat tire on his vehicle. The Workers' Compensation Board concluded that claimant's act was a personal one which did not arise out of and in the course of his employment. Claimant appeals.

We reverse. It is well settled that "[f]or an injury to be compensable under the Workers' Compensation Law, it must have arisen both out of and in the course of employment" (*Matter of Bigley v J & R Music Elecs.*, 269 AD2d 667; *see*, Workers' Compensation Law § 10). Notably, the employer's parking lot "constituted precincts of claimant's employment, and the course of his employment encompassed a reasonable time for claimant to leave his place of employment" (*Matter of Vogel v Anheuser-Busch*, 265 AD2d 705; *see*, *Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813). The establishment that the injury took place in the course of claimant's employment raises the presumption under Workers' Compensation Law § 21 that, in the absence of substantial evidence to the contrary, it also arose out of his employment (*see*, *Matter of Grimaldi v Shop Rite Big V*, 90 AD2d 608; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 21, at 240-241), a circumstance that can only be rebutted by substantial evidence to the contrary (*see*, *Matter of Vogel v Anheuser-Busch, supra*).

Here, we find that the presumption in claimant's favor was not sufficiently rebutted on this record. We have held that "[a]ctivities which are purely personal pursuits are not within the scope of employment and are not compensable under the Workers' Compensation Law, with the test being whether the activities are both reasonable and sufficiently work related under the circumstances" (*id.*, at 705). While the question of whether an activity constitutes a personal act is a factual question for resolution by the Board (*see*, *Matter of Bigley v J & R Music Elecs., supra*; Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 21, 2000 Pocket Part, at 34), we cannot agree, under the particular circumstances herein, that claimant's act of checking his tire was a noncompensable personal activity (*see, e.g., Matter of Bigley v J & R Music Elecs., supra; Matter of*

*Williams v Schenectady County Dept. of Social Servs.*, 232 AD2d 677).

The undisputed facts establish that claimant was attempting to depart his employer's parking lot immediately after his work shift had ended. He noticed a problem with his vehicle and, while attempting to check his flat tire, was injured. Although that act may not be an integral part of his specific work, it certainly was related to his orderly *"departure therefrom"* (*Matter of Bigley v J & R Music Elecs., supra,* at 668 [emphasis supplied]; *see, Matter of Grimaldi v Shop Rite Big V*, 90 AD2d 608, *supra*). The Board focused its analysis on the cases of *Matter of Ott v Gem Elec. Mfg. Co.* (44 AD2d 331) and *Matter of Macaluso v Alexander, Shumway & Utz Co.* (11 AD2d 838, *lv denied* 8 NY2d 708),[1] finding that claimant's act of checking his tire did not confer any benefit to his employer. We find that reasoning unpersuasive. We noted in *Matter of Purdy v Savin Corp.* (135 AD2d 975, 976), a case where an employee was injured while attempting to help a co-worker in an employee parking lot (*see also, Matter of Vogel v Anheuser-Busch, supra*), that it is not necessary that the activity *"directly"* benefit the employer" (*Matter of Purdy v Savin Corp., supra,* at 976 [emphasis supplied]). In any event, similar to the reasoning employed in *Matter of Lawton v Eastman Kodak Co.* (206 AD2d 813, *supra*), it is apparent that claimant's use of the parking lot not only benefitted claimant but also benefitted the employer "so that [claimant] would not be late for work" when arriving for what was clearly an unconventionally-timed work shift (*id.,* at 814).[2] The employer presented no proof to the contrary and, therefore, we do not find that the presumption in claimant's favor was rebutted on this record.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

1. In these cases, the Board found in favor of employees who had engaged in the acts of repairing or inspecting their own motor vehicles. In both cases, it was emphasized that the employees' activities with respect to their vehicles also involved a benefit being conferred on the employer.

2. Claimant also argues that his act in attempting to remove his vehicle from the parking lot benefitted the employer by insuring that access to the parking lot would not be impeded by damaged vehicles.