■ In the Matter of the Claim of ERNESTINE HARRIS, Appellant, v POUGHKEEPSIE JOURNAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 548] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 3, 2000, which ruled that the death of claimant's decedent did not arise out of his employment and denied the claim for workers' compensation death benefits.

A few hours after the beginning of his shift as a bulk newspaper delivery driver, claimant's decedent was found dead in the drivers' room at the employer's premises. An autopsy determined, inter alia, that decedent had choked to death on a piece of ham. His loaded delivery vehicle was parked near the drivers' room with a partially eaten sandwich inside. The Workers' Compensation Board ruled that, although decedent's unwitnessed accidental death in the course of his employment was entitled to the Workers' Compensation Law § 21 presump-

tion that it arose out of his employment, claimant's death resulted from a purely personal act and, therefore, the presumption was rebutted. Claimant appeals and we reverse.

"Activities which are purely personal pursuits are not within the scope of employment and are not compensable under the Workers' Compensation Law, with the test being whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Vogel v Anheuser-Busch*, 265 AD2d 705 [citation omitted]). Although the question of whether an activity constitutes a purely personal pursuit is one of fact for the Board to resolve, the Board's decision will not be sustained if it is unsupported by the evidence in the record (*see, Matter of Cruz v Karl Ehmer, Inc.*, 282 AD2d 841). Here, the employer did not provide a meal break during the delivery drivers' shift and, according to the undisputed testimony of the delivery dispatcher, the delivery schedule did not permit "the luxury to sit down" to eat. Therefore, it was not unusual for the drivers to "grab and go" or eat in their vehicles. The drivers' act of eating in their delivery vehicles was not merely a matter of personal convenience; it also benefitted the employer by allowing the drivers to deliver the newspapers to their destinations within the time constraints imposed by the nature of the newspaper business. Under the circumstances, decedent's act of eating a sandwich during the course of his employment was sufficiently work related and, therefore, not purely personal (*see, Matter of Harford v Widensky's, Inc.*, 154 AD2d 821; *Matter of Markowitz v Mack Markowitz, Inc.*, 22 AD2d 1001; *see also, Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813).

In addition, we note that decedent's death occurred during a holiday weekend when, according to the dispatcher, decedent was required to wait at the employer's premises until the other drivers began their deliveries to determine if he was needed to load additional newspapers to cover any shortage reported. During such a waiting period, decedent was "not required to remain immobile and inactive but [was] free to indulge in any reasonable activity during the waiting period" (*Matter of Anadio v Ideal Leather Finishers*, 32 AD2d 40, 42, *lv denied* 25 NY2d 737). Since decedent's act of eating at the employer's premises was not shown to be an unreasonable activity, we find that the Board's decision lacks support in the record.

Mercure, Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.