■ In the Matter of the Claim of BARBARA PAGANO, Appellant, v ANHEUSER BUSCH, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 700] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 27, 2001, which ruled that decedent's death was not causally related to his employment and disallowed claimant's application for workers' compensation death benefits.

Within two hours after parking his car and running through his employer's parking lot in order to be on time for work, claimant's 55-year-old husband (hereinafter decedent) experi-

enced shortness of breath, went into cardiac arrest, and later died. The medical reports of two physicians ultimately attributed his death to a combination of preexisting health conditions, which included heart disease and hypertension, and his physical exertion in running. Claimant subsequently applied for workers' compensation death benefits. After a hearing, a Workers' Compensation Law Judge found that decedent's injury and death were not compensable. Upon review, the Workers' Compensation Board affirmed, ruling that although entitled to the Workers' Compensation Law § 21 presumption that decedent's death arose out of his employment, it had resulted from an unreasonable and purely personal act and, therefore, the presumption was rebutted. Claimant appeals, and we now affirm.

"Activities which are purely personal pursuits are not within the scope of employment and are not compensable under the Workers' Compensation Law, with the test being whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Vogel v Anheuser-Busch*, 265 AD2d 705, 705 [citation omitted]). Whether an activity constitutes a purely personal pursuit is a factual issue for the Board, and its resolution of that issue will not be disturbed unless it is unsupported by record evidence (*see Matter of Harris v Poughkeepsie Journal*, 289 AD2d 640, 641).

Here, it is undisputed that decedent's death was caused by his health problems and his own activity of running, rather than by any external condition or event in the parking lot. It is also clear that he decided to run, rather than walk, solely because he was behind schedule. There is no allegation or evidence that the parking lot, although "within the precincts of [his] employment" (*Matter of Thatcher v Crouse-Irving Mem. Hosp.*, 253 AD2d 990, 991), in any way contributed to his being late, his running or his resulting injury. In these circumstances, the record supports the Board's determination, and the mere fact that decedent's running occurred in the employer's parking lot does not render the determination inconsistent with its own precedents. Specifically, we cannot agree with claimant that this case is factually similar to *Matter of Purdy Savin Corp.* (135 AD2d 975), *Matter of Vogel v Anheuser-Busch* (*supra*) and *Matter of Cruz v Karl Ehmer, Inc.* (282 AD2d 841). In those cases, unlike here, the workers sustained injuries in their employers' parking lots by interacting with vehicles located there, thus being exposed to a risk not shared by the public generally (*see Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813, 814). Here, the evidence supports the Board's

findings that decedent's act of running was purely personal and wholly unrelated to "the *environment* into which [he had] been brought by his employment" (*Matter of Kaplan v Zodiac Watch Co.*, 20 NY2d 537, 540 [emphasis in original]; *see Matter of Walsh v Sucrest Corp.*, 37 AD2d 321, 322-323, *affd* 31 NY2d 751).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.