■ In the Matter of the Claim of PRISCILLA CAMINO, Appellant, v CHAPPAQUA TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [796 NYS2d 736]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 24, 2004, which ruled that claimant did not sustain an accidental injury arising out of her employment.

After claimant injured her back as she parked and exited her car in her employer's parking lot, she filed a claim for workers' compensation benefits, which was controverted by the workers' compensation carrier. A Workers' Compensation Law Judge determined that claimant had not suffered an injury that arose out of and in the course of her employment. Concluding that claimant's injury occurred in the course of her employment, the Workers' Compensation Board nevertheless affirmed that determination on the basis that the accident did not arise out of claimant's employment but, rather, arose out of a purely personal pursuit. Claimant appeals, and we now reverse.

We will not disturb the Board's conclusion that claimant's accident, which took place in the employer's parking lot as she arrived for work, occurred in the course of her employment (*see Matter of Vogel v Anheuser-Busch*, 265 AD2d 705 [1999]; *Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813 [1994]; *Matter of Purdy v Savin Corp.*, 135 AD2d 975, 976 [1987]). On the record before us, however, the Board's determination that claimant's injury did not arise out of her employment is not supported by substantial evidence.

Whether an activity constitutes a purely personal pursuit is a factual question for the Board to determine (*see Matter of Pagano v Anheuser Busch*, 301 AD2d 977, 978 [2003]; *Matter of Harris v Poughkeepsie Journal*, 289 AD2d 640, 641 [2001]). However, once it has been established that claimant's injury occurred in the course of her employment, Workers' Compensation Law § 21 creates a presumption that the injury arose out of

her employment, which presumption must be rebutted by substantial evidence to the contrary (*see Matter of Cruz v Karl Ehmer, Inc.*, 282 AD2d 841, 842 [2001]; *Matter of Vogel v Anheuser-Busch, supra; cf. Matter of Harris v Poughkeepsie Journal, supra*).

Claimant testified that she was parking her car in a lot to which the employer assigned employees and she was parking near the bus to which she was assigned, the parking area was nearly full, and the parking lot presented obstacles that she was trying to avoid. Claimant testified that she felt slight pain as she turned to look behind her while parking, and more intense pain as she put her foot down while exiting the car. No other evidence addressing the manner in which claimant's injury was sustained appears in the record. Inasmuch as the Board concluded that claimant was in the course of her employment while parking her car, and there was no evidence that she was engaged in a purely personal pursuit (*compare Matter of Pagano v Anheuser Busch, supra*), the presumption that her injury arose out of her employment has not been rebutted (*see Matter of Cruz v Karl Ehmer, Inc., supra; Matter of Vogel v Anheuser-Busch, supra; Matter of Lawton v Eastman Kodak Co., supra; cf. Matter of Purdy v Savin Corp., supra*). To the extent that *Matter of Williams v Schenectady County Dept. of Social Servs.* (232 AD2d 677 [1996]) suggests a contrary result, it should not be followed.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.