■ In the Matter of the Claim of ARGAY McFARLAND, Respondent, v LINDY'S TAXI, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [853 NYS2d 743]—

Kavanagh, J.

In August 2003, claimant, while employed as a taxi driver, was parked in a parking lot on a meal break when he was asked for assistance by a fellow motorist who had a dead battery. As claimant was placing jumper cables on the battery, the battery exploded, causing claimant to lose his left eye. A Workers' Compensation Law Judge ruled that claimant's assistance of the stranded motorist was a personal act, outside the scope of his employment, and therefore his injury was not an accident within the meaning of Workers' Compensation Law § 10 and disallowed the claim. The Workers' Compensation Board modified the Workers' Compensation Law Judge's decision to the extent of finding that claimant's injury did not arise in the course of his employment, as he was on a meal break at the time of the accident, and affirmed the disallowance of the claim. Upon claimant's application for full Board review, the full Board

rescinded the Board panel's decision and referred the matter back for further consideration. The panel then reversed its prior decision and found that claimant's injury did arise out of and in the course of his employment, prompting this appeal.

We affirm. To be compensable under the Workers' Compensation Law, an injury must have arisen both out of and in the course of a claimant's employment (*see* Workers' Compensation Law § 10; *Matter of Moore v Ogden Allied*, 284 AD2d 624, 625 [2001]). The employer contends that as claimant was on a meal break at the time of the accident, his injuries are not compensable. Injuries sustained during meal breaks taken off employer's premises are generally not compensable. However, where the nature of the employment dictates the time and place of the meal, and the employee is still considered to be on the job at the time the break occurs, the rule does not apply (*see Matter of Cellura v Hall & Co.*, 36 AD2d 868, 869 [1971]; *Matter of Relkin v National Transp. Co.*, 18 AD2d 137, 138 [1963], *lv denied* 13 NY2d 593 [1963]). Moreover, the nature of employment as a taxi cab driver fits this exception, since, while employed, he is transient and thus does not control where he or she may be at any given time (*see Matter of Relkin v National Transp. Co.*, 18 AD2d at 138). Here, the employer's representative testified that drivers took 15 to 20 minute meal breaks at a time and place convenient to the employer and with its express permission. As such, the Board's determination that claimant's injury occurred during the course of his employment is supported by substantial evidence (*see Matter of Pabon v New York City Tr. Auth.*, 24 AD3d 833, 833 [2005]; *Matter of Harford v Widensky's, Inc.*, 154 AD2d 821, 822-823 [1989]).

The employer also contends that claimant's injuries did not arise out of his employment since his assistance of the motorist was a forbidden act, based upon the fact that the employer purposely did not supply the taxi cabs with jumper cables and specifically instructed the drivers not to attempt any repairs on their vehicles. While purely personal activities are outside the scope of employment and not compensable, the determination whether the activity is outside the scope of employment is a factual one for the Board's resolution (*see Matter of Mills v New York State Police*, 41 AD3d 1083, 1083 [2007]; *Matter of Marquis v Frank's Vacuum Truck Serv., Inc.*, 29 AD3d 1038, 1038-1039 [2006])

However, once an injury has been found to arise in the course of employment, it is presumed to have arisen out of such employment, and this presumption can only be rebutted by substantial evidence to the contrary (*see Matter of Camino v*

*Chappaqua Transp.*, 19 AD3d 856, 856-857 [2005]; *Matter of Keevins v Farmingdale UFSD*, 304 AD2d 1013, 1014 [2003]). While injuries by employees sustained during the commission of acts which are specifically forbidden by their employers have been found not to be compensable (*see e.g. Matter of Appleberry v Moskowitz*, 50 AD2d 1001, 1002 [1975]), our review of the record indicates that claimant was not forbidden by his employer from aiding a stranded motorist while in the course of his employment. Furthermore, when an employee in the course of employment is temporarily involved in an activity that either directly or indirectly benefits the employer, the activity falls within the scope of employment (*see Matter of Cruz v Karl Ehmer, Inc.*, 282 AD2d 841, 843 [2001]; *Matter of Purdy v Savin Corp.*, 135 AD2d 975, 976 [1987]; *Matter of Morningstar v Corning Baking Co.*, 6 AD2d 128, 131 [1958], *lv denied* 5 NY2d 707 [1958]). Here, based on the fact that claimant's vehicle was clearly marked with the employer's name, the Board was entitled to conclude that claimant's assistance of the motorist created a good will benefit to the employer. Based on these considerations, we find that the presumption favoring claimant has not been rebutted.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.