■ In the Matter of the Claim of JOHN J. MAROTTA, Appellant, v TOWN AND COUNTRY ELECTRIC, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [857 NYS2d 340]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 2007, which ruled, among other things, that claimant's injury did not arise out of his employment and denied his claim for workers' compensation benefits.

On the morning of March 14, 2005, claimant—an electrician and covered salaried co-owner of the employer—reported to work at 7:55 A.M., discussed work plans for the week with his partner, and loaded his work truck with supplies and materials. He then drove to the site of his assigned electrical job. On the direct route to the job site, claimant went to a drive-through window to purchase coffee and a muffin and, when he reached for his money in his back pocket, he felt a "pop" in his back and experienced pain radiating down both legs and, later, paralysis in his right leg. He was hospitalized and diagnosed with herniated disks and underwent emergency transpedicular diskectomies, or disk and fragment removal, and decompression. Claimant, unable to return to work until September 12, 2005, filed a claim for workers' compensation benefits, which the employer's workers' compensation carrier disputed. Claimant testified at a hearing, submitted medical evidence in support of his claim from his treating neurosurgeon and underwent two independent medical exams.

The Workers' Compensation Law Judge determined that claimant's injuries were work-related and awarded him benefits. On the carrier's appeal, the Workers' Compensation Board reversed, finding that claimant had deviated from his employment when he went to the drive-through and, thus, his injury did not arise out of his employment. The Board also concluded that the record did not support a finding of occupational disease. Claimant appeals.

To be compensable, an injury must arise out of and in the course of employment (see Workers' Compensation Law § 10). There is no dispute that claimant's injury occurred during the

course of his employment, given that he had reported to the employer's office, loaded his work truck with supplies and was en route to his designated job site and, as such, had started his work day (*see Matter of Gutierrez v Courtyard by Marriott*, 46 AD3d 1241, 1242 [2007]). Since the injury occurred during the course of claimant's employment, a presumption arises that it also "arose out of" the scope of his employment, unless the presumption is successfully rebutted by substantial evidence to the contrary (*id.*; *accord Matter of Camino v Chappaqua Transp.*, 19 AD3d 856, 856-857 [2005]; *see* Workers' Compensation Law § 21). "Activities which are purely personal pursuits are not within the scope of employment and are not compensable under the Workers' Compensation Law, with the test being whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Vogel v Anheuser-Busch*, 265 AD2d 705, 705 [1999] [citation omitted]; *see Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249 [1986]; *Matter of Pagano v Anheuser Busch*, 301 AD2d 977, 978 [2003]).

"Although the question of whether an activity constitutes a purely personal pursuit is one of fact for the Board to resolve, the Board's decision will not be sustained if it is unsupported by the evidence in the record" (*Matter of Harris v Poughkeepsie Journal*, 289 AD2d 640, 641 [2001] [citation omitted]; *see Matter of Camino v Chappaqua Transp.*, 19 AD3d at 856). While the Board recognized that claimant's accident occurred in the course of his employment, it concluded that he had deviated from his employment when he stopped for coffee while en route to his job site and, thus, the injury did not arise out of his employment. We find, however, that substantial evidence did not exist to support the conclusion that claimant was involved in a purely personal pursuit, and conclude that the presumption that his injury arose out of his employment has not been rebutted by substantial evidence to the contrary (*see Matter of Camino v Chappaqua Transp.*, 19 AD3d at 856-857; *Matter of Cruz v Karl Ehmer, Inc.*, 282 AD2d 841, 842 [2001]). Importantly, "[m]omentary deviation[s] from the work routine for a customary and accepted purpose will not bar a claim for benefits" (*Matter of Richardson v Fiedler Roofing*, 67 NY2d at 249) and "[a]ccidents that occur during an employee's short breaks, such as coffee breaks, are considered to be so closely related to the performance of the job that they do not constitute an interruption of employment" (*Matter of Pabon v New York City Tr. Auth.*, 24 AD3d 833, 833 [2005]; *see Matter of Caporale v State Dept. of Taxation & Fin.*, 2 NY2d 946 [1957], *affg* 2 AD2d 91, 92 [1956]; *cf. Matter of Marquis v Frank's Vacuum Truck Serv., Inc.*, 29 AD3d 1038, 1039 [2006]; *Matter of Balsam v New York State*

*Div. of Empl.*, 24 AD2d 802, 803 [1965] [the claimant deviated from approved coffee break]).

Claimant's undisputed testimony is that he briefly stopped at the drive-through for coffee on his direct route to his assigned off-premises job site, as he had done in the past given the lack of a coffee maker at his office. This constituted a momentary and customary break which did not interrupt his employment and which can only be classified as reasonable and work-related under the circumstances, and substantial evidence was not adduced supporting the conclusion that it was a deviation from his employment so as to preclude compensation. As the presumption was not rebutted (*see* Workers' Compensation Law § 21), claimant's injury must be found to have arisen out of and in the course of his employment. In view of the foregoing, claimant's remaining contentions need not be addressed.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.