FRANCIS DURKEE, Appellant, v RAYMOND RENAUD, Respondent. [880 NYS2d 403]—

McCarthy, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 18, 2008 in Schenectady County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In 2003, the parties were both employed by Keystone Masonry & Remodeling, Inc. Plaintiff was employed as a mason and defendant was his boss and Keystone's president. In the course of performing demolition work on the roof of Keystone's premises, which was owned by defendant individually, plaintiff fell and injured himself. He thereafter collected workers' compensation benefits and also commenced this negligence and Labor Law action. Supreme Court dismissed the action on the ground that it was barred by the exclusivity provisions of Workers' Compensation Law § 29 (6). Plaintiff appeals.

There is no dispute that both parties were employees of Keystone, that plaintiff was injured in the course of his employment with Keystone and that he collected workers' compensation benefits following his fall. Accordingly, the Workers' Compensation Law is plaintiff's exclusive remedy and he cannot maintain this action against defendant (*see Macchirole v Giamboi*, 97 NY2d 147, 149-150 [2001]; *Heritage v Van Patten*, 59 NY2d 1017, 1019 [1983]; *Kinsman v McGill*, 210 AD2d 659, 659-660 [1994]; *St. Andrews v Lucarelli*, 115 AD2d 155, 155 [1985]; *see also* Workers' Compensation Law § 29 [6]). Supreme Court's order should therefore be affirmed.

Plaintiff's remaining arguments are either unpersuasive or rendered academic by our holding.

Cardona, P.J., Mercure, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.