*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    518427
_____

LEEANNE M. CORREA et al.,
                    Appellants,

        v
                                        MEMORANDUM AND ORDER

ROBERT A. ANDERSON IV,
                    Respondent.
_____


Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

                        _____


        McMahon & Coseo, PC, Saratoga Springs (John P. Coseo of
counsel), for appellants.

        Law Offices of Epstein, Gialleonardo & Rayhill, Latham
(Jeffrey T. Culkin of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Chauvin, J.),
entered April 1, 2013 in Saratoga County, which, among other
things, granted defendant's motion for summary judgment
dismissing the amended complaint.

        Plaintiff Leeanne M. Correa (hereinafter plaintiff) and
defendant were employed as exercise riders for a horse trainer.
After exercising several horses on the day in question, plaintiff
asked her coworkers if any of them had a hat she could borrow, as
she had become hot and sweaty while exercising the horses, then
became chilled afterward.  Defendant told her that he had hats in
the rear cargo area of his sport utility vehicle and handed her
the keys.  Although the two disagree as to whether defendant
warned plaintiff not to open the tailgate of the vehicle,

plaintiff did so and was seriously injured when an anvil fell out of the cargo area and crushed her right foot. Plaintiff and her husband, derivatively, commenced this negligence action against defendant. In response to defendant's motion for summary judgment dismissing the complaint and plaintiffs' cross motion to dismiss a defense, Supreme Court dismissed the action on the ground that it was barred by the exclusivity provisions of the Workers' Compensation Law. Plaintiffs appeal.

We affirm. There is no dispute that plaintiff and defendant were coemployees, that plaintiff was injured in the course of her employment and that she collected workers' compensation benefits for those injuries. Pursuant to Workers' Compensation Law § 29 (6), those benefits would ordinarily constitute the exclusive remedy for plaintiff's injuries (see Macchirole v Giamboi, 97 NY2d 147, 150 [2001]; Durkee v Renaud, 63 AD3d 1328, 1328 [2009]). Plaintiffs nevertheless contend that this action is viable because defendant had no work-related reason for storing the anvil in his vehicle and that he was not "acting within the scope of his employment" when he placed it there (Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 543 [1980]; accord Hanford v Plaza Packaging Corp., 2 NY3d 348, 350 [2004]).

Whether defendant's actions were "within the scope of employment or purely personal" involves an assessment of whether they were "both reasonable and sufficiently work related under the circumstances" (Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249 [1986]; see Matter of Maher v NYS Div. of Budget, 72 AD3d 1380, 1381 [2010]). While at work, defendant offered to lend an uncomfortable coworker a hat and, because "some advantage to the employer, even though slight, can be discovered in [that] conduct, his act cannot be regarded as purely personal and wholly unrelated to his employment" (Matter of Younger v Motor Cab Transp. Co., 260 NY 396, 398 [1933]; see Matter of McFarland v Lindy's Taxi, Inc., 49 AD3d 1111, 1113 [2008]; Matter of Purdy v Savin Corp., 135 AD2d 975, 976 [1987]; Matter of Scheper v Board of Educ., Union Free School Dist. No. 2, 27 AD2d 612, 613 [1966], lv denied 19 NY2d 579 [1967]). Notwithstanding the lack of any connection between the anvil and defendant's employment, he was "acting within the scope of his employment" when he lent

plaintiff the hat — and allegedly committed a tortious act by failing to warn plaintiff that objects may fall if she opened the tailgate — so as to trigger the exclusivity provisions of the Workers' Compensation Law (Maines v Cronomer Val. Fire Dept., 50 NY2d at 544; see Matter of Purdy v Savin Corp., 135 AD2d at 976).

Stein, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court