Matter of Capraro v Matrix Absence Mgt. (2020 NY Slip Op 06000)





Matter of Capraro v Matrix Absence Mgt.


2020 NY Slip Op 06000


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

530530

[*1]In the Matter of the Claim of Christopher Capraro, Appellant,
v
Matrix Absence Management et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for Matrix Absence Management and another, respondents.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed May 3, 2019, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant was hired to work from home as a claims examiner and was provided the necessary computer equipment by the employer. At some point, claimant inquired as to whether the employer would cover the expense of new office furniture. Although the employer informed claimant that it would not, claimant ordered a new chair, desk and drawer. The unassembled furniture was delivered in boxes on June 13, 2016, and claimant was allegedly injured as he carried the boxes upstairs to his home office.
Claimant thereafter stopped working and, in 2017, applied for workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant's injuries did not arise out of and in the course of his employment and denied the claim. On appeal, a panel of the Workers' Compensation Board affirmed the WCLJ's decision, with one member dissenting. Claimant sought mandatory full Board review, and the full Board upheld the WCLJ's decision, concluding that claimant's injuries were not sufficiently work related to establish the claim. Claimant appeals.
"To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of a claimant's employment" (Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1276 [2020] [citations omitted]; see Workers' Compensation Law § 10 [1]; Matter of Button v Button, 166 AD3d 1258, 1259 [2018]). There is no requirement that the underlying activity "be done at the employer's direction or . . . directly benefit the employer" for the resulting injury to be compensable (Matter of Purdy v Savin Corp., 135 AD2d 975, 976 [1987]; see Matter of McFarland v Lindy's Taxi, Inc., 49 AD3d 1111, 1113 [2008]), and "[a]ccidents that occur during an employee's short breaks, such as coffee breaks, are considered to be so closely related to the performance of the job that they do not constitute an interruption of employment" (Matter of Pabon v New York City Tr. Auth., 24 AD3d 833, 833 [2005]; accord Matter of Marotta v Town & Country Elec., Inc., 51 AD3d 1126, 1127 [2008]). Nevertheless, purely personal activities are not within the scope of employment, and "whether an activity is within the course of employment or purely personal depends upon whether the activity is reasonable and sufficiently work related" (Matter of Schuyler v City of Newburgh Fire Dept., 292 AD2d 702, 703 [2002]; see Matter of Maher v NYS Div. of Budget, 72 AD3d 1380, 1381 [2010]; Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1127).
In affirming the WCLJ's determination, the Board eschewed the foregoing principles in favor of a rigid new standard for employees working from home under which injuries are only compensable if occurring during regular work hours and while the employee is actively engaged in work duties as opposed to, for example, taking a short break or using the bathroom. This novel standard is unsupported by precedent, is inconsistent with "the remedial nature of the Workers' Compensation Law" and cannot be countenanced (Matter of Neacosia v New York Power Auth., 85 NY2d 471, 476 [1995]; see Matter of Clark v Suresky & Sons, 236 AD2d 673, 675 [1997]). A "regular pattern of work at home" renders the employee's residence "a place of employment" as much as any traditional workplace maintained by the employer (Matter of Hille v Gerald Records, 23 NY2d 135, 138 [1968]; see Matter of Fine v S.M.C. Microsystems Corp., 75 NY2d 912, 914 [1990]; Matter of Shanbaum v Alliance Consulting Group, 26 AD3d 587, 835 [2006]; Matter of McRae v Eagan Real Estate, 170 AD2d 900, 901 [1991]; Matter of Levi v Interstate Photo Supply Corp., 46 AD2d 951, 952 [1974]; compare Matter of McFarland v Lindy's Taxi, Inc., 49 AD3d at 1112). As a result, inasmuch as the Board determined that claimant was injured during his regular work shift (see e.g. Matter of Mattaldi v Beth Israel Med. Ctr., 29 AD3d 1192, 1193 [2006]), the compensability of his injury should have been determined using the long-established standard.
We accordingly remit for the Board to apply that standard and determine whether claimant, when moving the boxes, was engaged in a "purely personal" activity that was not "reasonable and sufficiently work related under the circumstances" (Matter of Neacosia v New York Power Auth., 85 NY2d at 476; see Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1127). In making that assessment, the Board should bear in mind that a short break or some similar "[m]omentary deviation from the work routine for a customary and accepted purpose" does not constitute an interruption in employment sufficient to bar a claim for benefits (Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249 [1986]; see Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1127). Likewise, although claimant was injured during his lunch hour, that fact alone "does not render injuries noncompensable provided other facts requisite to recovery exist" (Matter of Markowitz v Mack Markowitz, Inc., 22 AD2d 1001, 1001-1002 [1964]), and recovery may still lie if the injurious act of moving furniture acquired for work use was "sufficiently work related and, therefore, not purely personal" under the correct standard (Matter of Harris v Poughkeepsie Journal, 289 AD2d 640, 641 [2001]; see Matter of Donlon v Kips Bay Brewing & Malting Co., 189 App Div 415, 416-417 [1919]).
In view of the foregoing, claimant's remaining challenges to the Board's decision are academic.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.