Matter of Sharipova v BNV Home Care Agency, Inc. (2021 NY Slip Op 00605)





Matter of Sharipova v BNV Home Care Agency, Inc.


2021 NY Slip Op 00605


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530614

[*1]In the Matter of the Claim of Munira Sharipova, Appellant,
v
BNV Home Care Agency, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Elefterakis Elefterakis & Panek, PC, New York City (Oliver R. Tobias of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, New York City (Theresa E. Wolinski of counsel), for BNV Home Care Agency, Inc. and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 29, 2019, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.
Claimant, a live-in home health attendant who provided comprehensive care to one client 24 hours a day seven days per week, filed a claim for workers' compensation benefits alleging that she suffered injuries to her face, head, teeth, both shoulders, both knees, back, left hand and left wrist as a result of a work-related accident on October 29, 2018. On the date of the incident, claimant escorted her client on a customary walk, via the use of a wheelchair, and the two elected to stop at a doctor's office along their route. According to claimant, the office was that of her own physician and she stopped in to retrieve certain medical paperwork required by the employer and to confirm whether the physician accepted her client's medical insurance so that claimant could later schedule an appointment for the client. Upon exiting the office, claimant slipped and fell on the office's wheelchair ramp, resulting in significant injury to both her and her client. A Workers' Compensation Law Judge concluded that claimant's injuries arose out of and in the course of her employment and that any momentary deviation from her routinely scheduled work contained elements of both personal and business-related matters. The employer and its workers' compensation carrier appealed, arguing that claimant's purpose in stopping at the doctor's office was purely personal and in violation of the employer's alleged protocol regarding personal activities during work hours, thereby placing claimant outside of the scope of employment, and that her self-serving testimony of a dual purpose was not to be believed. The Workers' Compensation Board agreed. Claimant appeals.
"To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of a claimant's employment" (Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1276 [2020] [citations omitted]; see Workers' Compensation Law §§ 10 [1]; 2 [7]; Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1859 [2019], lv denied 34 NY3d 904 [2019]). "[T]hat is, it must be a natural incident to the work[,] one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work" and "it must have been received while the employee was doing the work for which he [or she] was employed" (Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 193 [1976] [internal quotations marks and citations omitted]; see Matter of Capraro v Matrix Absence Mgmt., 187 AD3d 1395, 1396 [2020]; Matter of Button v Button, 166 AD3d 1258, 1259 [2018]). An activity that is purely personal is not within the scope of employment, the test being whether the activity is both "reasonable and sufficiently work related[*2]" under the circumstances (Matter of Capraro v Matrix Absence Mgmt., 187 AD3d at 1396 [internal quotation marks and citation omitted]; see Matter of Bigelow v WPAC Prods., Inc., 78 AD3d 1448, 1449 [2010]; Matter of Vogel v Anheuser-Busch, 265 AD2d 705, 705 [1999]). Whether an activity constitutes a purely personal pursuit is a factual issue for the Board to resolve, but resolution of that issue must be supported by substantial evidence (see Matter of Button v Button, 166 AD3d at 1259; Matter of Marotta v Town & Country Elec., Inc., 51 AD3d 1126, 1127 [2008]).
Here, it is undisputed that it was routine for claimant to escort her client on four- or five-hour walks on days where the client had no scheduled appointments, such as the day of the subject incident. According to claimant, while on such a walk on the day of the incident, she and her client elected to briefly stop at the subject doctor's office for multiple reasons — to collect medical paperwork pertaining to claimant's employment and to confirm whether the doctor accepted the client's insurance prior to scheduling her an appointment. The record does reveal that claimant was responsible for scheduling medical appointments for her client. Notably, the legitimacy of that purpose for stopping was only called into question by the double hearsay testimony of a representative of the employer — who was apparently informed that claimant picked up some paperwork at the doctor's office — not that claimant had no other purpose for being there. That same representative further testified that it would have been impermissible for claimant to leave her client's premises without the client. Lastly, although claimant was asked whether it was against the employer's rules to run personal errands while working — which, for claimant, was all hours of the day and every day of the week — no responsive answer to that question was provided. Notwithstanding the employer's assertions to that end, no evidence establishing the existence of any such policy was admitted at the hearing or is otherwise contained in the record before us.
Initially, there is not substantial evidence that claimant's actions represented a deviation from employment as conduct specifically prohibited by the employer (see generally Matter of Panarella v JP Hogan Coring & Sawing Corp., 78 AD3d 1470, 1472 [2010]; Matter of McFarland v Lindy's Taxi, Inc., 49 AD3d 1111, 1113 [2008]). Further, without regard to whether claimant prospectively inquired about the acceptance of her client's insurance, claimant's act of briefly stopping while on a routine walk with her client, regardless of where that stop took place, simply cannot be said to be purely personally or wholly unrelated to her work. Moreover, stopping at the subject doctor's office in order to collect the subject paperwork benefited the employer by allowing claimant to continue to provide round-the-clock care to her client, and to secure the documentation necessary to ensure that such [*3]care would not be interrupted in the future. We therefore find that, under the circumstances, claimant's activity was reasonable, sufficiently work related and, thus, not purely personal, such that the Board's decision to the contrary is not supported by substantial evidence (see Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1128; Matter of Camino v Chappaqua Transp., 19 AD3d 856, 857 [2005]; Matter of Sullivan v L'Heureux, 18 AD2d 1116, 1116-1117 [1963], lv denied 13 NY2d 595 [1963]).
Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.